# United States Court of Appeals for the Fifth Circuit

———————

No. 23-10702
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEROME THOMAS WATKINS,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-180-1

———————————————————

Before WILLETT, DUNCAN, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

Jerome Thomas Watkins was convicted following a jury trial of conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine, 400 grams or more of a mixture or substance containing fentanyl, 500 grams or more of mixture or substance containing methamphetamine, and one kilogram or more of a mixture or

———————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

substance containing heroin; possession with intent to distribute 400 grams or more of a mixture or substance containing fentanyl; and being a felon in possession of a firearm. He was sentenced to 360 months of imprisonment and 10 years of supervised release. Watkins argues that the district court plainly erred by allowing the jury to determine incarceration-related facts regarding his prior drug-trafficking convictions, which were used to enhance his statutory minimum sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851.

Watkins's contention regarding the procedure utilized by the district court to determine the incarceration-related facts required for the § 841(b)(1)(A) sentence enhancement is unsettled in this circuit, and other federal courts have reached divergent conclusions. Thus, we reject his argument that the district court committed clear or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. McGavitt*, 28 F.4th 571, 577 (5th Cir.), *cert. denied*, 143 S. Ct. 282 (2022). In any event, Watkins cannot satisfy the substantial rights prong of plain error review given that evidence of his prior drug-trafficking convictions would have been introduced at trial to prove the felon in possession of a firearm charge and that there was overwhelming evidence of his guilt. *See Puckett*, 556 U.S. at 135; *United States v. Hawley*, 516 F.3d 264, 268 (5th Cir. 2008).

Watkins also contends that the district court plainly erred in treating him as a career offender because his prior conviction for conspiracy to distribute controlled substances is not a "controlled substance offense" within the meaning of U.S.S.G. §§ 4B1.1 and 4B1.2, as the definition of such offenses does not include inchoate crimes like conspiracies. As he acknowledges, Watkins's argument is foreclosed by our decision in *United States v. Vargas*, 74 F.4th 673, 698 (5th Cir. 2023), *petition for cert. filed* (U.S. Oct. 23, 2023) (No. 23-5875), which held that that "inchoate offenses like conspiracy are included in the definition of 'controlled substance offense.'"

No. 23-10702

The district court's judgment is AFFIRMED.